

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-22-2007

# Chadda v. Bd Elections

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4723

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Chadda v. Bd Elections" (2007). *2007 Decisions.* Paper 1432.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1432

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-4723

SOLANGE CHADDA,
                                        Appellant

v.

THE BOARD OF ELECTIONS;
BOB CASEY

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Civil Action No. 06-cv-4847
(Honorable Michael M. Baylson)

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 20, 2007

Before:  SCIRICA, Chief Judge, FUENTES and SMITH, Circuit Judges

(Filed: March 22, 2007)

OPINION OF THE COURT

PER CURIAM.

Appellant Solange Chadda, a resident of the City of Philadelphia, filed a civil

rights action pro se in United States District Court for the Eastern District of Pennsylvania

against the "Board of Elections Harrisburg, Pa." and then-candidate for the United States

Senate, Robert P. Casey, Jr. She sought a temporary restraining order, <u>see</u> Fed. R. Civ. Pro. 65(b), to postpone the November 6, 2006 election, place her on the ballot, and disqualify candidate Casey. Chadda evidently had petitioned to be on the ballot for the U.S. Senate as an Independent candidate. She alleged that an individual associated with the Casey campaign violated the "federal election code" by trying to extort money from her in exchange for petitions. He also threatened her. In July 2006 she was forced to retain an attorney who sought an extension of time from the state Bureau of Commissions, Elections and Legislation to allow her to collect the required number of signatures necessary to be placed on the ballot. (Complaint, at Exhibit "V.") The Bureau was alleged to have ignored the request.

The District Court scheduled a hearing prior to the election, at which Chadda appeared. Following the hearing, the court denied her request to stay the election. The court found insufficient evidence to warrant either a TRO or preliminary injunction. Chadda had presented no witnesses and her documentary evidence was either inadmissible hearsay or non-probative. Moreover, there were doubts as to the basis of the court's jurisdiction to grant relief. The complaint was dismissed, and her motion for reconsideration was denied as moot after the election had taken place. Chadda appeals.[1]

We will affirm. We agree with the District Court about the numerous defects in Chadda's complaint and motion for a TRO. Neither of these submissions specifically

---

[1] Chadda filed a notice of appeal on November 6, 2006, but she did not seek a stay of the election nor did she seek an expedited appeal.

stated a basis for federal jurisdiction. Although election codes are creatures of state law, see 25 Pa. Cons. Stat. Ann. §§ 2600-3591, if the state restricts the ability of a candidate or political party to be placed on state ballots, the First Amendment right to freedom of association and the Fourteenth Amendment right to equal protection under the law may be infringed, see Williams v. Rhodes, 393 U.S. 23, 30-31 (1968); Bullock v. Carter, 405 U.S. 134, 149 (1972). Jurisdiction in federal district court thus would lie under 42 U.S.C. § 1983 if the requirements for maintaining a civil action were otherwise met, but they were not here. Chadda did not make service on any county Board of Elections or on the state Bureau of Commissions, Elections and Legislation. Her complaint was subject to dismissal without prejudice on that basis, Fed. R. Civ. Pro. 4(m).

As to candidate Casey, Chadda alleged not only a violation of her civil rights but also, apparently, violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1964 ("RICO"), which authorizes civil suits by any person injured in his business or property by reason of a violation of 18 U.S.C. § 1962. See Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1411 (3d Cir. 1991). Her main allegations focus on the obstruction by a member of the Casey campaign of her right to petition to be on the ballot, and extortion. However, a TRO or preliminary injunction will issue only when the movant produces evidence sufficient to convince the court that all factors favor preliminary relief. See Duraco Products, Inc. v. Joy Plastic Enterprises, Ltd., 40 F.3d 1431, 1438 (3d Cir. 1994). The District Court dismissed these claims after a hearing, finding absolutely no proof that would allow it to consider them. In her brief on appeal,

3

Chadda contends, without support, that "her constitutional Rights got taken away by Bob casey [sic] and his people through racketerism, estortion [sic] blackmail, intimidation, bribery, obstruction of justice, violation Of the federal election code section 9035 and section 9037." We have reviewed the record, and like Chadda's brief, it provides no basis whatever for concluding that the District Court erred in denying relief.

We will affirm the orders of the District Court dismissing the complaint and denying a TRO and preliminary injunction, and denying the motion for reconsideration.